UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOEL LAWRENCE BENITZHAR,

Defendant.

Case No.  25-mj-71104-MAG-1   (TSH)

**ORDER REVOKING RELEASE**

Defendant Joel Benitzhar is charged by criminal complaint of attempted enticement and coercion of a minor.  The alleged conduct occurred online using Instagram.  On September 16, 2025 the Court released the Defendant subject to many conditions of release, one of which was that he may have only one (non-Apple, non-smartphone) Internet-capable device to be monitored by Pretrial Services.  ECF No. 10.

On December 22, 2025, Pretrial filed a violation memorandum, which stated that Defendant was using Roblox to play video games and communicate with other players, and Pretrial noted that Roblox has no minimum age requirement.  The same memorandum stated that Defendant was in a Discord chatroom, which he said was connected to a Roblox group.  Pending a bail review hearing, the Court ordered Defendant not to use Roblox or Discord.  ECF No. 21.

The day before the bail review hearing, Pretrial provided the Court and the parties with several screen shots of Defendant's internet activity on his computer.  The October 25, 2025 1:31 p.m. screen shot contains a text message dated Thursday 4:03 p.m. that begins:  "Hey, I know you don't want me talking to you, but idk if you're able to get my voicemails because of your signal or you just have me blocked so my friends letting me use his phone for this."  From the screen shot, the Court can see that this text message was sent on the Defendant's computer using Google

Voice. Based on the discussion at the hearing this morning, it appears Defendant was texting an ex-girlfriend of his and that she is not a minor.

The Court's concern is about the reference to "my friends letting me use his phone for this." Virtually all cell phones today are smartphones, so if the Defendant was using his friend's phone, as he said he was, he is overwhelmingly likely in violation of his conditions of release. Considering the offense he is charged with, this means the public is protected from nothing.

The defense says the Defendant was lying – that he was using Google Voice to generate a new phone number, presumably to get past the block, didn't want to come across as creepy, so falsely said he was using a friend's phone number. That is the most exonerating view of the evidence. The defense further says this is self-evident from the text message, but's not. The idea is that when he said "idk if you're able to get my voicemails because of your signal or you just have me blocked so my friends letting me use his phone for *this*," "this" means *only this text message*, which is plainly sent on his computer (as Pretrial was able to monitor it), not on his friend's phone. But since he references voicemails that he has left her earlier in the same sentence, the Court does not see why "this" doesn't include those calls, i.e., the larger effort to communicate with her.

The Court is not required to take the most exonerating view of the evidence. And the Court doesn't. One of the Defendant's conditions of release was that he have only one (non-Apple, non-smartphone) Internet-capable device to be monitored by Pretrial Services. This was one of his most important conditions of release, one that was directly aimed at protecting public safety from the very specific danger the Defendant presents. While on pretrial release and subject to that condition, he flat out said he was using a friend's phone. This type of indication that the Defendant is in violation of an important condition of his release can't be waved away. And again, given the offense the Defendant is charged with and what this release condition was designed to prevent, the use of his friend's phone means that the public has not been protected from danger at all. Continued release in the face of evidence like this would teach the Defendant that his conditions of release mean nothing, prompting further violations and more danger to the public.

United States District Court
Northern District of California

Pursuant to 18 U.S.C. § 3148, the Court finds clear and convincing evidence that the Defendant has violated a condition of his release.  The Court also finds that the nature of this violation means that there are no conditions of release that will assure that the Defendant will not pose a danger to the public, and that even if there were, the Defendant is unlikely to abide by them.

Accordingly, as stated on the record at the hearing today, the Court **REVOKES RELEASE** and **ORDERS** the Defendant detained.

**IT IS SO ORDERED.**

Dated: January 8, 2026

_____
THOMAS S. HIXSON
United States Magistrate Judge